UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>SHAHID BUTT, individually and doing business as TRIPLE S COURIER SERVICE; EXPRESS MESSENGER SYSTEMS, INC. doing business as ONTRAC; SUBCONTRACTING CONCEPTS (CT), LLC; MICHAEL FERRY; SIKANDERJIT KAUR; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and HARTFORD FIRE INSURANCE COMPANY,<br><br>        Defendants. | No. 1:17-cv-01302-DAD-EPG<br><br>ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE TRANSFERRED TO THE SACRAMENTO DIVISION OF THIS COURT |
| HARTFORD FIRE INSURANCE COMPANY,<br><br>        Cross-claimant,<br><br>        v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Cross-defendant. | |

1

     This diversity action commenced on September 28, 2017, with the filing of a complaint by plaintiff, seeking to resolve liability issues between it and the named defendants. (Doc. No. 1.) On December 18, 2017, defendant Butt filed a motion to stay this matter pending resolution of a state court proceeding to which it relates. (Doc. No. 26.) All defendants save defendant Ferry have joined in that the motion. (Doc. Nos. 29, 31–33, 35.) Plaintiff Integon Preferred Insurance Company filed an opposition to the motion to stay on January 9, 2018. (Doc. No. 34.) Defendant Butt filed a reply on January 16, 2018. (Doc. No. 36.) The motion was set for hearing before this court on January 23, 2018. (Doc. No. 27.)

     The complaint in this matter alleges that plaintiff insured three specific vehicles with defendant Butt listed as a driver as of May 2015. (Doc. No. 1 at ¶ 11.) Defendant Butt averred in his insurance application that he did not regularly lease or rent the vehicles to others. (*Id.* at ¶ 12.) Defendant Kaur was driving a van on June 9, 2015 when she was involved in an automobile accident with defendant Ferry in Fairfield, California. (*Id.* at ¶ 20.) A dispute between defendants Kaur and Ferry was settled on February 4, 2016 for the limits of Kaur's automobile insurance policy from State Farm. (*Id.*) A complaint was subsequently filed by defendant Ferry, which now proceeds in Solano County Superior Court against Express Messenger Systems, Inc., dba OnTrac, Triple S Courier Services, and Subcontracting Concepts (CT), LLC. (*Id.* at ¶ 21.) Plaintiff's complaint seeks rescission of its contract with defendant Butt for misrepresentations made in the insurance application (*id.* at ¶¶ 24–27) and seeks declaratory relief that it has no duty to indemnify or defend any parties in the state court lawsuit (*id.* at ¶¶ 28–53). It also seeks a declaration of its rights under the California Vehicle Code and reimbursement for any amounts paid. (*Id.* at ¶¶ 54–66.)

     Pursuant to Local Rule 120, all actions arising in Solano County shall be commenced in the United States District Court sitting in Sacramento. *See* L.R. 120(d). Further, if the court finds upon its own motion that the action has not been commenced in the proper court in accordance with this rule, the court "may transfer the action to another venue within the District." L.R. 120(f). This case concerns an automobile accident that took place in Fairfield, California, which is a city in Solano County, California, as well as a lawsuit pending in the Solano County Superior

Court.  Therefore, it appears this matter should be transferred to the Sacramento division of this court.  The parties are directed to show cause within **seven (7) days** as to why this action should not be transferred to the Sacramento division of the court.  Alternately, the parties may file a stipulation transferring the action to the Sacramento division.  *See* L.R. 120(f).

The hearing on the motion to stay (Doc. No. 26) is vacated pending resolution of the appropriate venue for this action.

IT IS SO ORDERED.

Dated:  **January 17, 2018**

UNITED STATES DISTRICT JUDGE